# Opinion 411
## January 1984
Tex. Comm. On Professional Ethics, Op. 411, V. 47 Tex. B.J. 47 (1984)

**QUESTION PRESENTED**

May an attorney ethically assert a retaining lien and withhold a client's papers, money or property, relating to a specific attorney-client legal matter, if the client has refused to pay the attorney's fees and expenses charged in connection with that matter?

**DISCUSSION**

From earliest judicial precedent, Texas has acknowledged the attorney's common-law retaining lien for payment of fees and disbursements. This means that an attorney may, having first made demand for payment, and in the absence of limiting circumstances, withhold the papers, money or property of a client until the outstanding fees and disbursements have been paid. Although it may be argued that adoption of the Code of Professional Responsibility's DR 2-110 and DR 9-102(B)(4) impliedly overruled the common-law lien, those provisions ostensibly appear to recognize the continued viability of the retaining lien. The Committee emphasizes, however, that there has been no judicial interpretation of the legal effect of the Disciplinary Rules on retaining liens.

It appears that even if an attorney may assert a common-law retaining lien and withhold possession of the client's papers, money or property, which is a legal issue that this opinion does not attempt to decide, any lawyer contemplating retaining possession of a client's property, papers or money should be cognizant of the possibility that his action may be deemed unethical if enforcement of the lien forseeably prejudices the client's legal rights. Actual, foreseeable prejudice of a client's rights, as distinguished from mere inconvenience or annoyance, creates an ethical violation in contravention of the Disciplinary Rules. Although this ethical limitation removes much of the "clout" of a retaining lien--since the greater the client's need for his file, the greater the leverage the attorney retaining it will possess--an attorney who has once been retained to represent a client's rights may not later precipitate actual harm to those rights merely to collect a fee.

Essentially, an attorney refusing to relinquish possession of a client's file on the basis of a common-law retaining lien does so at personal risk. The risks are perhaps best illustrated in *Smith v. State*, 490 S.W.2d 902 (Tex.Civ.App.--Corpus Christi 1972, writ ref'd n.r.e.), on motion to retax costs, 500 S.W.2d 682 (Tex.Civ.App.--Corpus Christi 1973), on appeal after remand, 523 S.W.2d 1 (Tex.Civ.App.--Corpus Christi 1975, writ ref'd n.r.e.) (attorney suspended for, among other things, refusing to relinquish files of a former client to her new attorney where jury found the attorney did not believe at the time that he was asserting a valid retaining lien). Note that the attorney must make demand for the unpaid amount or balance before a right to a lien arises. *Smith*, 490 S.W.2d at 910.

**CONCLUSION**

An attorney may ethically assert a retaining lien on a client's file if, after the attorney has first properly made demand, the client has refused to pay the attorney's fees and expenses charged in connection with the preparation of the file, provided that the client's legal rights are not prejudiced. In the final analysis, the retaining lien does not constitute an absolute shield against the charge of unethical conduct. (9-0.)