**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **TRAVIS RYAN YOUNG,** | ) | |
| | ) | |
| Debtor. | ) | **Bankruptcy Case No. 17-30163-HCM** |
| _____ | ) | |
| | ) | |
| **PAMELA YOUNG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adversary Case No. 17-03009** |
| | ) | |
| **TRAVIS RYAN YOUNG, Individually,** | ) | |
| **And d/b/a PREMIER BUILDERS,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**TRAVIS RYAN YOUNG'S RESPONSE AND OBJECTION TO PLAINTIFF'S SECOND MOTION TO COMPEL AND FOR SANCTIONS**</u>

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Travis Ryan Young ("Travis"), through his attorneys of record Miranda & Maldonado, P.C., and files this *Response & Objection to Plaintiff's Second Motion to Compel and for Sanctions* (the "*Response*").

## I. <u>Response & Objection to Motion</u>

1. Travis admits the factual assertions contained in **Paragraph 1** of *Plaintiff's Second Motion to Compel and for Sanctions* (the "*Motion*"), that he filed a *Voluntary Petition for Relief* under Chapter 7 of the Bankruptcy Code on February 3, 2017.

2. Travis admits the factual assertions contained in **Paragraph 2** of the *Motion* as they

relate to the scheduling of the *Rule 2004 Examination* (the "*2004 Exam*").

3.      Travis admits the factual assertions contained in **Paragraph 3** of the *Motion* as they relate to the retention of Mr. Nevarez and the rescheduling of the *2004 Exam*.

4.      Travis admits the factual assertions contained in **Paragraph 4** of the *Motion*.

5.      Travis admits the factual assertions in the first and second sentences of **Paragraph 5** of the *Motion*. With regards to the third sentence of **Paragraph 5**, elaboration is required. Travis admits that his testimony at the 2004 Exam was that "he entered into a written marital agreement with Brittany Young approximately two years ago…and that he did not produce bank account statements for Brittany Young…because they are her separate property". As the Motion raises the issue of a marital agreement throughout, as well as a Request for Referral to United States Attorney at Section III, the issue of the marital agreement will be addressed. No marital agreement existed on the *Petition Date*, nor was a marital agreement entered into with his wife Brittany Young "*approximately two years ago*".

Travis testified at the *2004 Exam* that there was a "marital agreement" because shortly prior to the *2004 Exam*, he was presented a draft and blank "*Marital Property Agreement*" by his prior counsel, Mr. Nevarez. Travis would testify that Mr. Nevarez advised by him to testify that one existed. A true and correct copy of the "*Marital Property Agreement*" supplied by Mr. Nevarez to Travis is attached as **Exhibit "A"** to this *Response*. Travis did not complete or sign the "*Marital Property Agreement*". No signed version of the document exists.

It would be convenient to simply leave it at that, i.e., that Mr. Nevarez provided Travis Young with a blank *Marital Property Agreement* and advised him to testify that this document permitted and prevented him from providing any financial information relating to Brittany

Young.

But corroborating this testimony by Travis is the *Online Grievance Form* filed January 22, 2018 at 9:40 PM filed by Travis Young against Mr. Nevarez with the State Bar of Texas (the "*Grievance*"). A true and correct copy of the *Grievance* is attached as **Exhibit "B"** and incorporated herein for all purposes. Among the reasons for the *Grievance*, is the advice from Mr. Nevarez to Travis that he testify at the 2004 Exam that he had entered into a marital agreement. This portion of the Grievance is presented as follows:

> Mr. Nevarez has failed to provide adequate legal representation from the day I met him on or about April 1, 2017. The first problem with his representation began at my 2004 examination on or about april 4th, where Mr. Nevarez showed up and thought we were taking a 2004 Examination on the Plaintiff, but this was not the case and I had to correct Him, which meant that He didn't prepare at all as He stated He did. Mr. Nevarez gave me dangerous incorrect advise at this 2004 Examination. Mr. Nevarez advised me to say that I had a separate marital agreement during this 2004 examination and gave me a sample copy of a marital agreement to show me what one looked like. I didn't really know at this time why He wanted me to say this, but I did so as He advised. I didn't need to say I had a martial agreement as my wife had no money and minimal assets at the time I filed Bankruptcy. As of now, the plaintiff is claiming perjury on the issue, although it was do to incompetent legal representation.

It was never Travis' intention to mislead about the existence of a *Marital Property Agreement*. He went down this road at the *2004 Exam* because the counselor whom he hired to advise and guide him, told him to do so.

6.     Travis admits the factual assertions contained in **Paragraph 6** of the *Motion*.

7.     Travis admits the factual assertions contained in **Paragraph 7** of the *Motion*.

8.     Travis admits the factual assertions contained in **Paragraph 8** of the *Motion*.

9.     Travis admits the factual assertions contained in **Paragraph 9** of the *Motion*.

10.     Travis admits the factual assertions contained in **Paragraph 10** of the *Motion*.

11.     Travis admits the factual assertions contained in **Paragraph 11** of the *Motion*.

12.     Travis admits the factual assertions contained in **Paragraph 12** of the *Motion* as they relate to the entry of the *Order Regarding Motion to Compel, Civil Contempt and Sanctions (Travis Young)* (the "*Order*"). Travis admits to the assertions contained in **Paragraph 12** to the extent they express that he failed to comply with the *Order*.

13.     Travis objects to the assertions in **Paragraph 13** of the *Motion*. Travis would testify that he delivered to his attorney, for production to Plaintiff's counsel, all documents within his possession, custody and control as required by the December 12, 2017 *Order*. The fact that a requested document was not produced does not mean that the proponent refuses to produce it. It means that he does not have it, cannot get it, or it simply does not exist – such as the *Marital Property Agreement* – and never existed.

For ease of review, the Inventory, with Plaintiff's personal comments, her opinion as to what was not produced, and Travis' reply to same, is set forth below:

| |
| --- |
| **RFP No. 1** <br> ***Plaintiff's Comments.*** <br> - Same build cost spreadsheet he sent before, however he put in two of them. Added $6,450 for the interest he paid his Father. <br> - Same Ledger as before. <br> - HUD-1 for 448 San Clement which he already produced. <br> - Closing disclosure for 356 Silver Star Dr. Property. I am not sure why this was produced? <br> ***Per Plaintiff, Documents Not Produced.*** <br> - Missing Job files <br> - Missing receipts and invoices were included <br> - Missing subcontractor contracts |
| ***Travis' Response.*** Job Summary is all there exists for build records. There are no lien releases, receipts, or other files. |
| **RFP No. 2** <br> ***Plaintiff's Comments.*** <br> - Travis R. Young: Federal Income tax returns for 2013, 2014, and 2015. All three years included Form 1040, Schedule C, and Schedule SE. His 2015 and 2016 tax returns are |

questionable since they are no signed and do not look like they were submitted to the IRS. They might not be tax returns that were turned in to the IRS. I think we need to request tax returns shown to be submitted to the IRS.

- Forms 1099 for 2012, 2013, 2014 (sent 2 of the same document), 2015, part of 2016 (missing pages).

***Per Plaintiff, Documents Not Produced.***

- Missing invoices and bills that support the business expenses claimed in his tax return.

***Travis' Response.*** That tax returns appear fake is her opinion. Travis sent in the original ones with original signature. Do not have copy with signature. Refer to Premier ledger which shows business and personal separation of exempt property.

**RFP No. 3**

***Plaintiff's Comments.***

Produced 27 checks from Keith and Lisa Young to Travis Young, dated 1/8/2013 to 1/10/2016. They all state "Construction Advance", tot all indicate the property. The properties that were listed were San Clemente, Silver Star, and Montoya. One check was written and signed by Lisa Young, Travis' mother.

***Per Plaintiff, Documents Not Produced.***

He did not produce the $3,000 per month "family assistance" that he claims on his bankruptcy schedule. There were no salaries, wages, earnings, loans, gifts, monetary gifts or reimbursed expenses that where produced.

***Travis' response.*** Family assistance was given through checks issued by Keith Young for constructions jobs and I would retain amounts as needed for personal expenses and ledger provided accounted for that. My father did not separate "family assistance" or "construction advances". There was no need to. Majority of money was used for construction as referenced in accounts and ledger.

**RFP No. 4**

***Plaintiff's Comments.*** None.

***Per Plaintiff, Documents Not Produced.***

Did not produce a marital property agreement of any kind.

***Travis' Response.*** None exists.

**RFP No. 5**

***Plaintiff's Comments.*** None.

***Per Plaintiff, Documents Not Produced.***

Did not produce a homeowner's insurance policy.

***Travis' Response.*** None exists.

**RFP No. 6**

***Plaintiff's Comments.***

Produced a diploma from New Mexico State University for a Bachelor of Science in Engineering Technology/Civil Engineering Technology. He claimed during deposition that he had a degree in Civil Engineering. The technology degrees are not as difficult in regard to math classes and the difficult engineering classes. It's basically a watered down version of an engineering degree.

***Travis' Response.*** I earned what I earned.

| |
|---|
| **RFP Nos. 7-34** |
| ***Plaintiff's Comments.*** None. |
| ***Per Plaintiff, Documents Not Produced.*** |
| Did not produce anything but responded, "No response necessary at this time". |
| ***Travis' Response.*** |

| |
|---|
| **RFP Nos. 35-36** |
| ***Plaintiff's Comments.*** None. |
| ***Per Plaintiff, Documents Not Produced.*** |
| Did not produce anything but responded, "To be supplemented". |
| ***Travis' Response.*** My attorney is trying to get these from my prior attorney because my current attorney did not prepare any discovery before December 2017. |

| |
|---|
| **RFP No. 37** |
| ***Plaintiff's Comments.*** None. |
| ***Per Plaintiff, Documents Not Produced.*** |
| Did not produce any written communication with his insurance agent. |
| ***Travis' Response.*** No written communication existed. Always went to the offices to order insurance and don't have receipt or anything in writing. It was very simple builder risk policy. |

| |
|---|
| **RFP No. 38** |
| ***Plaintiff's Comments.*** |
| Produced an Invoice from Essential Fire Protection Systems, a proposal from AD Electric and a Letter from his attorney Abel Vasquez. |
| ***Per Plaintiff, Documents Not Produced.*** |
| Did not produce any contracts, billing, email or text messages between him and his subcontractors regarding my property. |
| ***Travis' Response.*** All communication with my subcontractors was mainly verbal. Most subcontractors I used didn't know what a computer was. Text messages were lost since it had been so long ago and I have changed phones. There was no need to save text messages for 3 years especially since I never imagined my aunt would sue me and ask for these. |

| |
|---|
| **RFP No. 39** |
| ***Plaintiff's Comments.*** None. |
| ***Per Plaintiff, Documents Not Produced.*** |
| Did not produce anything but responded, "To be supplemented". |
| ***Travis' Response.*** My attorney is trying to get these from my prior attorney because my current attorney did not prepare any discovery before December 2017. |

| |
|---|
| **RFP No. 40** |
| ***Plaintiff's Comments.*** |
| Produced 2 attorney retainer agreements, from Nevarez dated 5/10/17 and Miranda dated 10/15/17. |
| ***Travis' Response.*** N/A. |

| |
|---|
| **RFP No. 41** |
| ***Plaintiff's Comments.*** |
| Produced a billing statement from Nevarez dated 10/6/7. |
| ***Travis' Response.*** N/A. |

**RFP No. 42**
*Plaintiff's Comments.*
Produced 6 email, three of the email I already have since I was included. Referenced to see RFP 1 as well.
*Per Plaintiff, Documents Not Produced.*
Did not produce all email, only 6 email were produced but nothing regarding financing and repayment of loan. He did not produce any text messages between him and his Father regarding my property. There is an email he sent his Father on 12/17/13 but he did not include the attachment that was in the email.

*Travis' Response.* Text messages don't exist from that long ago. My communication with my father was I person regarding loans or finances. Did not have any further emails to produce regarding her property. The attachment on the email referenced was the build summary which as been produced in RFP 1.

**RFP 43**
*Plaintiff's Comments.* None.
*Per Plaintiff, Documents Not Produced.*
Did not produce the City approved blueprints, plans and specifications for the property.

*Travis' Response.* Did not have the signed plans as the project was completed and old and lost. Have produced copies of plans several times. I do not have them any longer.

**RFP 44**
*Plaintiff's Comments.* None.
*Per Plaintiff, Documents Not Produced.*
Did not produce any written communications between him and Richard Thomas and/or High Mountain Limited. Travis purchased my lot and the 3 other San Clemente Estates from him.

*Travis' Response.* Did not have communication with Richard Thomas for the purchase of lots on Rocky Pointe. I had communication with Richard Thomas back in 2013, but could not locate the emails any longer.

**RFP No. 45**
*Plaintiff's Comments.*
Produced email between Vision Consultant and Kelly Sorrenson.
*Per Plaintiff, Documents Not Produced.*
Did not produce text messages.

*Travis' Response.* No text messages exist nor do contracts or invoices. I had previously provided the emails with Vision Consultants and Kelly Sorrenson.

**RFP No. 46**
*Plaintiff's Comments.*
Produced the same proposal from AD Electric shown in RFP 38.

*Travis' Response.* No text messages exist nor do contracts or invoices.

**RFP 47**
*Plaintiff's Comments*. None.
*Per Plaintiff, Documents Not Produced.*
Did not produce anything from Amador Martinez. Did not produce contract, all bills, email or text messages.

| |
|---|
| ***Travis' Response.*** No text messages exist nor do contracts or invoices. |
| **RFP 48**<br>***Plaintiff's Comments.*** None.<br>***Per Plaintiff, Documents Not Produced.***<br>Did not produce anything from Andre Diaz. Did not produce contract, all bills, email or text messages. |
| **Travis' Response.** No text messages exist nor do contracts or invoices. |
| **RFP 49**<br>***Plaintiff's Comments.*** None.<br>***Per Plaintiff, Documents Not Produced.***<br>Did not produce anything from Abel Vasquez with the exception of the letter sent to Abel by his attorney. Did not produce contract, all bills, email or text messages. |
| ***Travis' Response.*** No text messages exist nor do contracts or invoices. |
| **RFP No. 50**<br>***Plaintiff's Comments.***<br>Produced email same email from RFP 45.<br>***Per Plaintiff, Documents Not Produced.***<br>He produced email, but if you read the email it appears there are more email that he did not produce. |
| ***Travis' Response.*** No text messages exist nor do contracts or invoices. Emails previously produced. |
| **RFP No. 51. Produce all of your written communications with Keith Young.**<br>***Plaintiff's Comments.***<br>Produced the same email from RFP 42.<br>***Per Plaintiff, Documents Not Produced.***<br>Did not produce all email and there were no text messages. He did not produce his ledger for loans or correspondence concerning his loans. |
| ***Travis' Response.*** Did not keep ledger for loans. Very informal loan relationship between me and my dad. Text messages don't exist. Had 4 new phones since that property was built and erase everything each time I changed phones. |
| **RFP No. 52**<br>***Plaintiff's Comments.***<br>Produced email from Sergio Adame.<br>***Per Plaintiff, Documents Not Produced.***<br>Did not produce email concerning the site visit and proposal for the repair of my home in State court. He also did not produce email concerning my rock walls since Travis wanted him to become the Engineering of Record and had to sign off on my rock walls for the grading permit. |
| ***Travis' Response.*** Gave all the emails I had access to. |
| **RFP No. 53**<br>***Plaintiff's Comments.***<br>Produced same Invoice from Essential Fire as RFP 38.<br>***Per Plaintiff, Documents Not Produced.***<br>Did not produce contract, all bills, email or text messages. |

| |
|---|
| ***Travis' Response.*** Gave all the emails I had access to. |
| **RFP 54**<br>***Plaintiff's Comments.*** None.<br>***Per Plaintiff, Documents Not Produced.***<br>Did not produce contract, all bills, email or text messages. |
| ***Travis' Response.*** I did not have any written communication with Angel Cabrera. |
| **RFP 55-57**<br>***Plaintiff's Comments.*** None.<br>***Per Plaintiff, Documents Not Produced.***<br>Stated "none". This RFP is to produce bank statements from when my house was built from Jan 1, 2013 – Feb 29, 2014. I have 2 checks that I wrote Travis during this time frame and both were processed through his business account at Bank of America. |
| ***Travis' Response.*** Could not gather these records from my bank as they don't exist anymore according to the bank. Never once did I say I didn't have a bank account during 2013. |
| **RFP 57 (duplicate number)**<br>***Plaintiff's Comments.*** None.<br>***Per Plaintiff, Documents Not Produced.***<br>Did not produce any documents from all 12 subpoenas. We are still missing Parker Engineering, Old Republic Surety Company, City of El Paso Development Department, and Armendariz Inspection Service. |
| ***Travis' Response.*** As far as I know, these were already produced by Nevarez when they were previously due, see above in original discovery production. The other subpoena information was never given when requested. I don't have a copy of anything that Nevarez actually turned over. |
| **RFP No. 58**<br>***Plaintiff's Comments.***<br>He produced email from his ex-attorney. I really think there is more that he is not producing.<br>***Per Plaintiff, Documents Not Produced.***<br>He produced email from his ex-attorney. I really think there are more that he is not producing since he was trying not to have his bond paid out. |
| ***Travis' Response.*** Did not have much communication with the surety, gave what I had. Attorney communicating with Old Republic was Andres Almazan. The only email Almazan copied me with I produced. |

14.     In response to **Paragraph 14** of the *Motion*, Travis refers to **Paragraph 5**, *supra*. Thus, his *Sworn Responses* remains accurate. Travis' sworn responses show that no such marital agreement exists because no such marital agreement exists.

15.     Travis objects to the assertions contained in **Paragraph 15** of the *Motion*. The *Second Motion to Compel and for Sanctions Against Debtor Travis Ryan Young* is unwarranted. Travis

has complied with the December 12, 2017 *Order* in good faith, and to the extent the documents requested are available or in existence.

16.     Travis objects to the assertions contained in **Paragraph 16** of the *Motion*.

-     *Signed copies of his 2015 and 2016 federal tax returns*. Travis would testify that he is not in possession of signed copies of his tax returns.

-     *Marital Property Agreement with Brittany Young*. See **Paragraph 4**, *supra*, and **Exhibits "A"** and **"B"**.

-     *Bank Statements*. Travis never stated that he did not have a bank account. Travis stated that he contacted Bank of America and was told that these records were no longer available.

17.     Travis objects to the assertions contained in **Paragraph 17** of the *Motion*. Travis is not in contempt of this Court's *Order*.

18.     Travis objects to the assertions contained in **Paragraph 18** of the *Motion*. Travis has not sought to "willfully disobey" this Court's *Order*. Travis has sought to comply with the Court's Order. Travis operated as a small homebuilder, essentially working out of his old Ford Truck (as opposed to a new Ford Truck). Travis did not have a commercial office location, he worked from his house or his vehicle. Thus, he is not going to have any of the documentation a larger builder would have. And since Travis build with financing provided by Keith Young instead of commercial banks, it was not necessary to maintain paper files. Travis further denies that he has committed a fraud upon the Court.

19.     Travis objects to the assertions contained in **Paragraph 19** of the *Motion*. He is well-aware of what the purpose of sanctions are, having been previously sanctioned by this Court, and

moving to avoid further sanctions and proceed to the substantive phase of the litigation.

20.     Travis objects to the assertions contained in **Paragraph 20** of the *Motion*.

21.     Travis objects to the assertions contained in **Paragraph 21** of the *Motion*.

22.     Travis objects to the assertions contained in **Paragraph 22** of the *Motion*.

23.     Travis objects to the assertions contained in **Paragraph 23** of the *Motion*.

24.     Travis objects to the assertions contained in **Paragraph 24** of the *Motion*.

25.     Travis objects to the assertions contained in **Paragraph 25** of the *Motion*.

The *Motion* further seeks as follows at **Section III** –

## REQUEST FOR REFERRAL TO THE UNITED STATES ATTORNEY

26.     For the reasons set forth in this *Response*, Travis objects to the request for referral to United States Attorney as set forth in **Paragraphs 26, 27, 28** and **29** of the *Motion*. At no time has Travis operated with the requisite intent to make a false oath or provide false testimony to this Court, mislead the Chapter 7 Trustee, hide or transfer assets, or otherwise fail to comply with his duties as a Chapter 7 Debtor.

## Conclusion

27.     Travis Young seeks to comply with his duties as a Debtor under Chapter 7 of the Bankruptcy Code. He also seeks to comply with the Orders of this Court relating to discovery production, attend his deposition (which has not been set by Plaintiff as she was awaiting discovery production). And Travis would like to get to the merits of these Adversary Proceedings. Were Plaintiff genuinely interested in being made whole, she would have accepted Travis' offer to "buy-back" the *San Clemente Property* made in 2015.

WHEREFORE, PREMISES CONSIDERED, Travis Young, Respondent herein, requests

that this Court deny all relief requested in the *Motion*, including any further deadlines for production of discovery, sanctions, findings of contempt, any attorney's fees, and criminal referral.

Respectfully submitted

**MIRANDA & MALDONADO, P.C.**
/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Carlos G. Maldonado, Esq.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
**cmiranda@eptxlawyers.com**
**cmaldonado@eptxlawyers.com**

## CERTIFICATE OF SERVICE

I certify that on the 6th day of February 2018, a copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas to the Parties listed in *Creditor Matrix* as well as to the following Parties-in-Interest:

/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Attorney for Travis Young

**Chapter 7 Trustee**
Ronald E. Ingalls
PO Box 2867
Fredericksburg, TX 78624-1927

## **VERIFICATION**

**STATE OF TEXAS**　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
**EL PASO COUNTY**　　　　　　　　)


Before me, the undersigned notary, on this day personally appeared TRAVIS RYAN YOUNG, the Affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is TRAVIS RYAN YOUNG. I am capable of making this *Sworn Verification*. I have read the *Response and Objection to Plaintiff's Second Motion to Compel and for Sanctions*. The facts stated in it are within my personal knowledge and are true and correct."

TRAVIS RYAN YOUNG


Sworn to and subscribed before me by TRAVIS RYAN YOUNG on February 6, 2018.

WENDY AVALOS
Notary Public, State of Texas
Comm. Expires 01-18-2021
Notary ID 129271795

Notary Public in and for
the State of Texas

**EXHIBIT A**

# MARITAL PROPERTY AGREEMENT

This Marital Property Agreement (this "Agreement") is made this _____ day of _____, 200___, pursuant to Article XVI, §15, Texas Constitution, by and between _____ (Husband) and _____ (Wife) to provide for definition of their respective marital property rights. The parties hereto agree as follows:

1.    **Matrimonial Domicile.**    The parties, residing in the State of Texas, planning to be married, and having substantial and continuing ties with the State of Texas, do specifically recognize and agree that the State of Texas is and shall be their matrimonial domicile and intend that the laws of the State of Texas shall govern all matters concerning their marital property. The provisions of this Agreement shall prevail over any contrary provision of law which may be supplanted or modified by private agreement.

2.    **Separate Property.**    The parties acknowledge that the property owned by each of them prior to the marriage and all property acquired thereafter by gift, devise or descent, or by investment or reinvestment of separate property, is the separate property of each of them respectively. The separate property of a spouse shall never be liable for any debt of the other spouse unless such debt is explicitly assumed in writing by the spouse owning such separate property. Neither spouse shall have any authority to contract with respect to the separate property of the other spouse.

*TRS Retirement*
*Business Income*

3. <u>Income As Separate Property.</u>

A. <u>Income from Capital.</u>  All mutations, increases, issues, rents, dividends, interest and other earnings upon the separate property of a party (including any increase in the value of a party's separate property on account of the time, talent, and labor of such party) shall be the separate property of the party owning such property.

B. <u>Compensation for Personal Services.</u>  All compensation for personal services (including pension, profit-sharing, or deferred compensation in any form) shall be (__) community property of the parties or (__) separate property of the party performing such services. [CHOOSE AN OPTION]

C. <u>Partition and Exchange.</u>  Should any property intended by paragraphs 3A and/or 3B to be separate property ever be characterised as community property, the parties agree to partition and exchange such community property to effectuate the intent of this paragraph 3.

4.    **Presumptions.**    Property held, registered, or titled in the name of one of the spouses only shall be presumed to be the separate property of the spouse in whose name such property is held, registered, or titled. Property held, registered, or titled in the names of both parties shall be presumed to be jointly owned separate property unless some written indicia of ownership shows that such property is held in another manner.

5.    Marital Expenses.    The parties agree to make reasonable provision for their mutual expenses during marriage.

6.    Allocation of Income Tax Expense.   In the event the parties should file joint returns with respect to income tax liabilities, each party shall contribute to the payment of such taxes that proportion of the tax payable by reason of such joint return which the tax which would be payable by each of them if separate returns were filed bears to the total tax which would be payable by both of them if separate returns were filed; provided, however, this paragraph is for the sole benefit of the parties hereto, who may waive the provisions of this paragraph as they see fit.   Any payment of any tax by the parties shall be conclusive as to the proper allocation of such tax liability unless the parties have agreed otherwise.

7.    Dissolution of Marital Community.   In the event of any dissolution of the marriage of the parties, property shall be distributed as follows:

A.    Each spouse shall retain the ownership of his or her separate property.

B.    Liabilities associated with separate property (for example, for improvement or acquisition), if joint liability exists for any reason, shall be assumed by the spouse with whose separate property such debts are associated unless the parties have agreed otherwise.   Any joint liabilities not associated with separate property shall be paid equally by the spouses.

C.    Jointly owned property shall be partitioned equally between the parties unless the parties have agreed otherwise.

D.    In the event that the separate property of either party is spent for the improvement, repair or expansion of real estate owned by the other party as such other party's separate property, such expenditures shall constitute a monetary charge against the separate estate of the party owning the real estate improved arising upon dissolution of the marriage by death or divorce.   Such charge shall draw interest after dissolution of the marriage at the legal rate until paid and shall be amortized monthly over a period not exceeding five years.

8.    Severability.  Should any provision of this Agreement be unenforceable, all other provisions of this Agreement shall nevertheless remain in full effect.   Each party acknowledges that this Agreement constitutes the sole agreement of the parties with respect to their marital property and that there are no prior or contemporaneous understandings or agreements, oral or written, with respect to the subject matter of this Agreement.

9.    Amendment.  Any agreement between the parties in furtherance or derogation of this Agreement must be in writing and signed by the parties.

10    Attorneys' Fees and Costs. Attorneys' fees and costs incurred by either party in any contest of or attack upon this agreement or in divorce proceedings shall be paid solely by the party incurring the same.

11.    Effective Date. This Agreement shall be effective upon and operative from the date of the marriage of the parties.

12.    Enforceability.

THE PARTIES HERETO SPECIFICALLY AGREE THAT THE PROVISIONS OF THIS AGREEMENT ARE JUST AND RIGHT, HAVING DUE REGARD FOR THE RIGHTS OF EACH PARTY, AND INTENT HEREBY TO ESTOP THEMSELVES FROM ANY CONTENTION TO THE CONTRARY IN ANY COURT OR JURISDICTION.

EACH PARTY VOLUNTARILY AND EXPRESSLY WAIVES ANY RIGHT TO DISCLOSURE OF PROPERTY OR FINANCIAL OBLIGATIONS OF THE OTHER PARTY TO THIS AGREEMENT.

EACH PARTY EXPRESSLY ACKNOWLEDGES THAT SUCH PARTY UNDERSTANDS THAT THIS AGREEMENT MODIFIES OR ELIMINATES MARITAL PROPERTY RIGHTS WHICH WOULD OTHERWISE EXIST UNDER TEXAS LAW IN THE ABSENCE OF THIS AGREEMENT.

EACH PARTY EXPRESSLY ACKNOWLEDGES THAT SUCH PARTY HAS BEEN ADVISED OF HIS OR HER RIGHT TO OBTAIN THE SERVICES OF INDEPENDENT LEGAL COUNSEL WITH RESPECT TO THIS AGREEMENT.

13.    Execution of the Agreement.

I have read this document; I understand it, and I agree to all the terms of this contract.

_____
Husband

I have read this document; I understand it, and I agree to all the terms of this contract.

_____
Wife

3

# ACKNOWLEDGEMENTS

THE STATE OF TEXAS      §
                        §
COUNTY OF _____     §

BEFORE ME, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared _____, known to me (or proved to me on the oath of _____ or through _____(description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration expressed therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ____ day of _____, 200__.


My Commission Expires:                    _____
                                          Notary Public, State of Texas

_____                   _____
                                          (Typed/Printed Name of Notary)


THE STATE OF TEXAS      §
                        §
COUNTY OF _____     §

BEFORE ME, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared _____, known to me (or proved to me on the oath of _____ or through _____(description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration expressed therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ____ day of _____, 200__.


My Commission Expires:                    _____
                                          Notary Public, State of Texas

_____                   _____
                                          (Typed/Printed Name of Notary)

**EXHIBIT B**

# Online Grievance Form
Jan 22, 2018 9:40 PM

## I. General Information
**Have you contacted the Client-Attorney Assistance Program?***
No

## II. Information About You
**Salutation**
Mr.

**First Name**
Travis

**Last Name**
Young

**Address**
6647 Mariposa
El Paso, TX 79912

**Home Phone**
915-479-0828

**Cell Phone**
915-479-0828

**Email Address**
trayoung1118@gmail.com

**Driver's License Number (if applicable)**
17632530

**Date of Birth**
Nov 18, 1982

**Employer's Name**
Premier Builders & Design LLC

**Address**
7101 N Mesa #527
El Paso, TX 79912

**Employer's Phone**
915-603-2303

**Name**
Brittany Young

**Address**
6647 Mariposa
El Paso , TX 79912

**Phone**
915-603-2303

## II. Information About You - Additional
**Do you understand and write in the English language?**
Yes

Are you a Judge?
No

## III. Information About Attorney

**Attorney Barcard Number**
14933400

**Attorney First Name**
Michael

**Attorney Last Name**
Nevarez

**Attorney Address (Please include street, city and zip)**
P.O. BOX 12247 El Paso, TX 79913

**Attorney Work Phone**
915-584-8000

## III. Information About Attorney - Grievance Details

**Have you or a member of your family filed a grievance about this attorney previously?**
No

**Have you or a member of your family ever filed an appeal with the Board of Disciplinary Appeals about this attorney?**
No

**Please select from the following:**
This attorney was hired to represent me.

**Please give the date the attorney was hired or appointed.**
5/10/17

**Please state what the attorney was hired or appointed to do.**
Defend against Bankruptcy Adversary Proceeding

**What was the fee arrangement with the attorney?**
Per hour

**How much did you pay the attorney?**
$250 per hour

## III. Information About Attorney - Continued

**Are you currently represented by an attorney?**
Yes

**If yes, please provide the attorney's name and phone number:**
Carlos Miranda - 9155875000

**Do you claim the attorney has an impairment, such as depression or a substance use disorder?**
Yes

Didn't pay attention to details and drank alcohol prior to my mediation at a lunch with me.

Did the attorney ever make any statements or admissions to you or in your presence that would indicate that the attorney may be experiencing an impairment, such as depression or a substance use disorder?
No

## IV. Information About Your Grievance

In which city did the activity you are complaining about occur?
El Paso

In which county did the activity you are complaining about occur?
El Paso

Name of Court
Federal Bankruptcy Court

Title of the Suit
Bankruptcy Adversary Complaint

Case number and date suit was filed
17-31063 - 5-5-17

## IV. Information About Your Grievance - Continued

Mr.Nevarez has failed to provide adequate legal representation from the day I met him on or about April 1st, 2017. The first problem with his representation began at my 2004 examination on or about april 4th, where Mr.Nevarez showed up and thought we were taking a 2004 Examination on the Plaintiff, but this was not the case and I had to correct Him, which meant He didn't prepare at all as He stated He did. Mr.Nevarez gave me dangerous incorrect advise at this 2004 Examination. Mr.Nevarez advised me to say that I had a separate marital agreement during this 2004 examination and gave me a sample copy of a marital agreement to show me what one looked like. I didnt really know at the time why He wanted me to say this, but i did so as He advised. I didnt need to say I had a marital agreement as my wife had no money and minimal assets at the time I filed Bankruptcy. As of now, the plaintiff is claiming perjury on this issue, although it was do to incompetent legal representation. Mr.Nevarez failed to try to get my case dismissed early on as requested several times by me and do things in the case to minimize costs. He wanted to take a 2004 Examination on the plaintiff, after they filed their adversary proceeding against me, which He knew would get quashed and would be a waste of time, but all He wanted was to make more money from me at his hourly fee rate. Most important, on or about October 2017 Mr.Nevarez failed to follow through on subpoenas filed by the plaintiff against my wife (Brittany Young) and more importantly my father (Keith Young). Mr.Nevarez specifically stated He would help fight these with motions to quash the subpoenas and that He would follow through with the discovery requested by the plaintiff. He never followed through, and caused several issues in my case, including but not limited to monetary sanctions being filed against Brittany Young and myself. Mr.Nevarez failed to complete the requested discovery by the plaintiffs filings or respond accordingly to the opposing attorney on motions to compel for this discovery and subpoenas. The judge threw the book at me during Mr.Nevarez's "representation" or lack their of I should say, and sanctioned Brittany Young and myself a total of $4100, which I will deduct from Mr.Nevarez's incompetent legal representation. He has put my father (Keith Young) in a bad position to object to his subpoena that was served on him, as He failed to represent my father, as He stated He would. Now my father is stuck having to give personal and private information to the plaintiff, which serves no purpose to the case at hand. It would have been a simple motion to quash to stop this. Mr.Nevarez went 2 months, while He was my attorney of record, with no communication to me as far as case strategy or any way to move forward in my case. In fact, the judge denied Mr.Nevarez's withdraw as my attorney, as He threatened to hold my file with a lien until all his fees were paid. Mr.Nevarez has incometent accounting practices, and has sent me very inaccurate invoices and for hours that were never performed. To date, he still has a highly inaccurate monetary value He claims is owed, and refuses to fix the billing. To date, Mr.Nevarez has failed to return my file to my new attorney after being requested several times, and this has caused more issues in my Bankruptcy case. He states until He is paid, He will hold the file. Mr.Nevarez is an attorney who does not pay attention to details or care about his clients

IV. Information About Your Grievance - Supporting Documents

V. HOW DID YOU LEARN ABOUT THE STATE BAR OF TEXAS ATTORNEY GRIEVANCE PROCESS?
How did you learn about the State Bar of Texas attorney grievance process?
  Attorney